## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EFREN DANIEL MARQUEZ-SILVA,

     Plaintiff,

v.

                                      CASE NO:  8:07-CV-57-T-30TBM
                                      Crim No: 8:03-CR-277-T-30TBM

UNITED STATES OF AMERICA,

     Defendant.

_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (CV Dkt. #1), the United States' Response (CV Dkt. #5), and the Petitioner's Reply (CV Dkt #7).  The petition fails to set forth grounds sufficient to vacate the sentence.  The Petitioner's motion, therefore, will be denied.

### Background

Petitioner Efren Daniel Marquez-Silva (hereinafter "Petitioner"), pled guilty, pursuant to a plea agreement and the included sentence appeal waiver, to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§1903(a), (g), and (j) (Count One).  On March 8, 2005, the Court sentenced Petitioner to 100 months imprisonment and 60 months supervised release.  Petitioner directly appealed to the United States Court of Appeals for the Eleventh Circuit.  Counsel for Petitioner filed a motion to withdraw with an Anders brief.  The 11th Circuit Court granted Counsel's motion and affirmed Petitioner's

conviction and sentence.  United States v. Marquez-Silva, 158 Fed. Appx. 220, 221 (11th Cir. 2005).

Petitioner timely filed this §2255 petition asserting the following grounds for relief:

1.      The sentence violates the Fifth and Sixth Amendments of the Constitution because it was based on an amount of drugs greater than that stated in the indictment, which constitutes constructive amendment.  (Grounds One and Two)

2.      The District Court lacked jurisdiction pursuant to the Maritime Drug Law Enforcement Act (MDLEA).  (Ground Three)

3.      Petitioner was denied effective assistance of counsel during sentencing and direct appeal.  (Ground Four)

## DISCUSSION

I.      **The sentence was based on an amount of drugs greater than that presented in the Indictment, which is a constructive amendment.**

Petitioner claims that his sentence was based on over three tons of cocaine, as reported in the presentencing report, but that he was charged with "5kg or more," which, he claims, means only 5kg to 15kg.  He further claims that quantity is an essential element of the offense.  However, he provides no support for these assertions.

"Constructive amendment occurs only when an element of the offense is altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).  The Eleventh Circuit Court has held that quantity is not an element of the offense.  United States v. Clay, 376 F.3d 1296,

1301 (11th Cir. 2004). Therefore, there was no constructive amendment here.

II.     **The District Court lacked jurisdiction under the MDLEA.**

Petitioner appears to be claiming that the MDLEA is facially unconstitutional because the United States does not have jurisdiction over international waters. The Eleventh Circuit clearly rejected this argument in <u>United States v. Tinoco</u>, 304 F.3d 1088 (11th Cir. 2002).

Furthermore, Petitioner waived his right to make this claim. Petitioner first accepted that the United States had jurisdiction when he signed the plea agreement in which he agreed to plead guilty to Count One; "conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel *subject to the jurisdiction of the United States*, in violation of 46 U.S.C. App. §§1903(a), (g), and (j)". (Plea Agreement at 1) (emphasis added). That statute defines "subject to the jurisdiction of the United States" as including "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. App. §1903(c)(1)(C). The plea agreement laid out the facts of the offense including the essential fact that placed Petitioner within the jurisdiction of the United States. "The Government of Panama consented to the exercise of United States jurisdiction over the vessel, crew, and contraband for criminal prosecution." (Plea Agreement at 14.)

At the change of plea hearing, Petitioner again consented to those facts as stated into the record. And finally, at the sentencing hearing, Petitioner accepted those same facts as stated in the presentence report. Petitioner accepted United States jurisdiction at three key points in the proceedings. Therefore, he cannot now claim that this Court did not have

jurisdiction to adjudicate him guilty or to sentence him.

III.     **Petitioner was denied effective assistance of counsel during sentencing and direct appeal due to counsel's failure to investigate the facts of the case and the filing of an <u>Anders</u> brief on direct appeal.**

A claim of ineffective assistance is reviewed pursuant to <u>Strickland v. Washington</u>, 466 US 668, 688 (1984).  The burden is on the accused to show that counsel was ineffective. <u>United State v. Cronic</u>, 466 US 648, 658 (1984).  In order to do so, Petitioner must prove that his counsel was deficient, which requires a showing that counsel's performance was unreasonable under current professional norms.  <u>Strickland</u> at 688.  Petitioner must also prove that the deficiency prejudiced the defense, which requires a showing that there is a reasonable probability that but for counsel's errors, the sentencing judgment would have been different.  <u>Id.</u> at 694.

The Eleventh Circuit has reaffirmed the Supreme Court's opinion that effective assistance needs simply to be within the "wide range of reasonable professional assistance." <u>Felker v. Thomas</u>, 52 F.3d 907, 912 (11th Cir. 1995) (quoting <u>Strickland</u> at 689).  Within that wide range of reasonable professional assistance, there is room for different strategies, no one of which is "correct" to the exclusion of all others.  <u>Id.</u>  The Court may dispose of ineffectiveness claims on either <u>Strickland</u> prong.  <u>Oats v. Singletary</u>, 141 F.3d 1018, 1023 (11th Cir. 1998).

Petitioner first asserts that his counsel was deficient at sentencing for failing to "conduct an adequate investigation into the facts of this case" and examine discovery material.  (Dkt. #7 at 7.)  Petitioner provides no support for this claim.  Furthermore, there

is no evidence in the record that counsel did not act as a reasonable attorney would. Petitioner has failed to meet his burden of demonstrating that his counsel was deficient or that he was prejudiced.

Petitioner also contends that counsel was ineffective at the appeals stage because counsel filed an Anders brief without consulting Petitioner.  Again, Petitioner produces no support for this assertion.  The Court of Appeals agreed with counsel that there were no issues of merit to be brought up on appeal.  Marquez-Silva at 211.  Therefore, Petitioner has failed to show that his counsel was either deficient or that he was prejudiced during direct appeal and this ground is denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. # 1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate the corresponding pending motion (CR Dkt. #809) in the criminal case of 8:03-CR-277-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-57.deny 2255.frm